UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KAREN BRANNAN and | * | CASE NO. |
| MICHAEL BRANNAN | * | |
| | * | |
| versus | * | |
| | * | JUDGE |
| TARGET CORPORATION OF MINNESOTA, | * | |
| ANTOINETTE KLIMA and XYZ INSURANCE | * | |
| COMPANY | * | MAGISTRATE |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

### NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel comes defendant Target Corporation, a Minnesota Corporation, qualified to do business in Louisiana as Target Corporation of Minnesota (hereinafter "Target"), who hereby request this Honorable Court to remove that certain matter styled "Karen Brannan and Michael Brannan vs. Target Corporation of Minnesota, Antoinette Klima and XYZ Insurance Company" from the docket of the 19th Judicial District Court in and for the Parish of East Baton Rouge, State of Louisiana, (hereinafter sometimes referred to as the "state court proceeding"), to the United States District Court for the Middle District of Louisiana, on the following grounds, to-wit:

1.

On or about August 31, 2020 plaintiffs filed a petition for damages against named defendants Target Corporation and/or Target Corporation of Minnesota, Antoinette Klima, and XYZ Insurance Company. Plaintiff Karen Brannan alleged that she received personal injuries as a result of tripping and falling on or about August 31, 2018 at a Target store location in Baton

Rouge, Louisiana. Plaintiff Michael Brannan alleged he suffered damages for loss of society, consortium, and support because of the alleged injuries to Karen Brannan.

2.

In the petition plaintiffs alleged they are residents of the Parish of Ascension, State of Louisiana. The discovery responses of plaintiffs provided that they have resided at the same address in Ascension parish for over ten years and that they maintain Louisiana issued driver's licenses. Target is informed and believes that plaintiffs are domiciled in the State of Louisiana. Therefore, plaintiffs are citizens of the State of Louisiana.

3.

Defendant Target Corporation, a Minnesota Corporation, qualified to do business in Louisiana as Target Corporation of Minnesota, is a corporation organized under the laws of the State of Minnesota with its principal place of business in Minneapolis, Minnesota. Therefore, Target is a citizen of the State of Minnesota. This entity was served with the Petition for Damages through its registered agent for service of process on December 4, 2020.

4.

The petition also named as defendant Antoinette Klima in her capacity as a managerial employee of the Target store were the incident occurred. However, plaintiff has no arguable claim under Louisiana Law for recovery against this defendant, and has joined her as a defendant in this matter for the sole reason to defeat diversity jurisdiction and keep this matter in state court. Defendant Antoinette Klima has not been served as of the date of filing of this removal.

5.

Because plaintiffs have no arguable or reasonable basis on which to state a cause of action against defendant Antoinette Klima, the joining of this defendant and any alleged lack of diversity caused by her presence does not bar removal to this court. Moreover, Defendant XYZ Insurance Company was sued under a fictitious name. Under 28 USC § 1441 (a) the citizenships of defendants sued under fictitious names are disregarded for removal purposes.

6.

Plaintiffs and the only properly joined defendant Target are citizens of different states.

1. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.**

7.

28 U.S.C. § 1332 provides Federal District courts with concurrent original jurisdiction in cases "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between- citizens of different States."

    A.    **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.**

8.

The petition for damages in the state court proceeding did not expressly set out a specific amount of damages in which Karen Brannan was seeking in the state court proceeding, i.e., the amount in controversy. The petition only made generic allegations that Karen Brannan's damages consisted of past, present and future: physical pain and discomfort; mental pain and discomfort; mental anguish; functional and anatomical disability; loss of earning and earning

capacity; loss of enjoyment of life; travel expenses; and an inability to engage in personal, social and recreational activities.

9.

The allegations of the state court petition were not such that it was readily ascertainable that the action was removable at the time of its filing. Since the filing of the petition for damages, and within the last 30 days, defendant has received "other paper(s)" which evidence that the amount which plaintiff will seek in the state court proceeding, i.e., the amount in controversy, will exceed $75,000.00, exclusive of interest and costs. Defendant is informed and believes that the amount in controversy for the matter will exceed $75,000 exclusive of interest and costs. Moreover, the claims of Michael Brannan may be properly removed to the United States District Court for the Middle District of Louisiana pursuant to this court's Supplemental Jurisdiction under 28 U.S.C. §1367.

10.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000 "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth the facts in controversy-preferably in the removal petition, but sometimes by affidavit-that supports a finding of the requisite amount.'" *Grant v. Chervon Phillips Chemical Co., 309 F.3d 864, 868 (5th Cir. 2002)* (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995))*. Here, it was not facially apparent from the petition that the claim likely exceeded $75,000. However, since the

filing of the petition, and within the last 30 days, Target has received medical records pursuant to Karen Brannan's medical authorizations which indicate that the amount in controversy will exceed $75,000. These medical records constitute "other papers" from when it first may be ascertained that the above captioned matter is removable.

11.

The "other papers" received by the defendant Target consisted of medical records received from two providers, among others, on April 13, 2021 and April 15, 2021. These "other paper(s)" evidence that the amount Karen Brannan will seek in the state court proceeding will exceed $75,000, exclusive of interest and costs. More specifically, medical records received from Baton Rouge Cardiology on April 13, 2021 provided that Karen Brannan, when seen on August 26, 2020, gave a history of her fall at Target. She reported that as a result of the fall clots developed from her bruised legs which then caused the need for medical treatment for a pulmonary embolus. Medical records received from Prairieville Family Hospital on April 15, 2021 provide that plaintiff was diagnosed with a pulmonary embolism and admitted for treatment of same on November 10, 2019. The itemized charges enclosed with the records for said treatment was $88,823.00.

12.

In addition to the above, Target has received other medical records that indicate the amount in controversy will exceed $75, 000 exclusive of interest and costs. Plaintiff was seen by Cypress Pointe Pain Management on October 7, 2019 (Records received by Target on April 19, 2021) reporting a bad fall on August 31, 2019 at Target when she tripped over a clothing rack

causing right knee pain, extensive bruising, increased neck pain and spasm, and thoracic pain. Those records also provide that she was diagnosed with DVT in her right leg after her fall, and that on March 12, 2020 she underwent a cervical spine medial branch block at the C3-4, C4-5, and C5-6 facet joints. Their note of January 29, 2021 provides that plaintiff saw a Dr. Stanger who was recommending possible surgery. Plaintiff's primary physician records from Dr. Love/Ochsner (Records received by Target on April 27, 2021) reveal plaintiff was seen on February 12, 2020 reporting her fall at Target and that she developed a pulmonary embolism. Dr. Love's records also provide that plaintiff had started treatment with Dr. Kyle Girod at the Baton Rouge Orthopedic Clinic who had ordered MRIs of her cervical, lumbar and thoracic spines. They were conducted on August 21, 2020 and showed interval worsening at C6-7 and interval development of herniations at T8-9 and T11-12 when compared to the pre-incident studies. Dr. Love's note of February 26, 2021 reported that plaintiff was seeing a Dr. Flagg for a surgical consult the following week.

13.

In addition, the petition fails to provide a general allegation that the claim is less than the amount necessary to provide for lack of jurisdiction of federal court due to insufficiency of damages under La. C.C.P. art. 893. The state court petition is subject to amendment upon motion of plaintiff at any time, including the ability to assert damages greater than $75,000, exclusive of interest and costs. Target is informed and believes that the amount which Karen Brannan will seek in the state court proceeding, i.e., the amount in controversy, will exceed $75,000, exclusive of interest and costs, based on the recently received medical records.

14.

While Target admits no liability, nor any element of damages, Target has met its burden of showing that the amount in controversy for Karen Brannan's claims are in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs and may be properly removed to the United States District Court for the Middle District of Louisiana. The medical records of Karen Brannan clearly establish plaintiff will seek alleged damages sufficient to compensate her for continuing medical expenses in excess of $88,000 from one medical entity, not including amounts she will seek for charges from her other medical providers. In addition plaintiff will seek compensation for her alleged pain and suffering for a pulmonary embolism, and disc herniations/injuries to her cervical, thoracic, and lumbar spine for which future treatment, including surgery, are further possibilities. Moreover, the claims of Michael Brannan may be properly removed to the United States District Court for the Middle District of Louisiana pursuant to this court's Supplemental Jurisdiction under 28 U.S.C. §1367.

**B.** **COMPLETE DIVERSITY**

15.

Defendant Target is a foreign corporation organized under the laws of the State of Minnesota, with its principal places of business in Minneapolis, Minnesota. Named defendant XYZ Insurance Company is a fictitious defendant and therefore any alleged citizenship of same is disregarded under 28 U.S.C. § 1441.

16.

Plaintiffs allege they are residents of the Parish of Ascension, State of Louisiana. Their discovery responses provide that they have resided at the same address in Ascension parish for over ten years and that they maintain Louisiana issued driver's licenses. Target is informed and believes that plaintiffs are domiciled in the State of Louisiana. Therefore, plaintiffs are citizens of the State of Louisiana.

17.

Accordingly, there is complete diversity of citizenship between the plaintiffs and the only properly joined defendant Target.

18.

Named defendant Antoinette Klima is alleged to be a resident of the State of Louisiana. The allegations against this defendant is that she is liable to plaintiff in her position as an Executive Team Leader of the Target store. The allegations of fault against this defendant arise from the general administrative responsibilities of her employment. Under Louisiana law, "personal liability cannot be imposed on the officer, agent or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages." *See, Canter v. Koehring Company, 283 So.2d 716, 721, reh. den. (La.1973)*. Therefore, plaintiffs have no arguable claims against this defendant under state law.

19.

As plaintiffs have no arguable claim against defendant Antoinette Klima, plaintiffs have joined her as a defendant in this matter for the sole reason to defeat diversity jurisdiction and keep this matter in state court.  Because plaintiffs have no arguable or reasonable basis on which to state a cause of action against her, the joining of defendant Antoinette Klima and any alleged lack of diversity caused by her presence does not bar removal to this court.

20.

Accordingly, there is complete diversity of citizenship between plaintiffs and the only properly joined defendant, Target.

21.

Therefore, this is a civil action over which the United States District Court for the Middle District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse properly joined parties.

## II.    DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

22.

Defendant Target Corporation was served with the Petition for Damages through its registered agent for service of process on December 4, 2020.  Defendant Antoinette Klima has not been served with the Petition for Damages as of the date of filing this Notice of Removal.  It was not readily ascertainable from the petition for damages whether the matter was removable at

the time of service upon Target. The original petition only made general allegations of damages without information as to medical expenses, treatment rendered, and/or diagnosed conditions. Those generic allegations did not allow for removal at the time of service.

23.

Since the filing of the petition for damages, and within the last 30 days, Target has received "other paper(s)" which evidence that the amount which plaintiffs will seek in the state court proceeding, i.e., the amount in controversy, will exceed $75,000.00, exclusive of interest and costs. The "other papers" received by Target consisted of medical records received on April 13, and April 15, 2021, respectively. Therefore, this Notice of Removal is being filed within thirty (30) days after first receipt by defendant of a copy of another paper/pleading from which it may first be ascertained that the case is one which is or has become removable. This notice of removal is further being filed within one year of commencement of the action. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b) (3) and 28 U.S.C. § 1446(c).

24.

Further, consent to removal from the improperly joined defendant Antoinette Klima is not required. Nonetheless, improperly joined defendant Antoinette Klima has consented to the removal.

25.

Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100

($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different states.

26.

The 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, is located within the Middle District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a).

27.

No previous application has been made by any named defendants in this case for the relief requested herein.

28.

Target Corporation, a Minnesota Corporation, qualified to do business in Louisiana as Target Corporation of Minnesota, wishes to remove the claims which have been asserted by plaintiffs in the state court proceeding to the United States District Court for the Middle District of Louisiana. The claims that plaintiff, Karen Brannan, have asserted in the state court proceeding are claims between citizens of different states involving more than $75,000, exclusive of interest and costs. The claims which plaintiff, Karen Brannan, have asserted in the state court proceeding, therefore, fall within the jurisdiction of the United States District Court and may properly be removed to the United States District Court for the Middle District of Louisiana. See, 28 U.S.C. § 1332, 28 U.S.C. §§ 1441 & 1446-1451. Moreover, the claims of Michael Brannan may be properly removed to the United States District Court for the Middle District of Louisiana pursuant to this court's Supplemental Jurisdiction under 28 U.S.C. §1367.

29.

Target Corporation respectfully requests that this Notice of Removal be filed into the record of the United States District Court for the Middle District of Louisiana, effecting a removal of that certain matter styled, "Karen Brannan and Michael Brannan vs. Target Corporation of Minnesota, Antoinette Klima and XYZ Insurance Company" from the docket of the 19th Judicial District Court in and for the Parish of East Baton Rouge, State of Louisiana".

30.

Pursuant to 28 U.S.C. § 1446(a), a copy of the all pleadings filed in the state court proceeding are attached as exhibits. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Karen and Michael Brannan, and a copy is being filed with the Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

31.

Defendant Target Corporation is entitled to and hereby requests **trial by jury** of all issues herein.

WHEREFORE, defendant, Target Corporation, a Minnesota Corporation, qualified to do business in Louisiana as Target Corporation of Minnesota, hereby prays for removal of this action from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the docket of the United States District Court for the Middle District of Louisiana, and for trial by jury.

Respectfully Submitted:

**LAWRENCE, KNIGHT & CURLIN**

By: __/s/David P. Curlin__
David P. Curlin (#20771)
John S. Lawrence, Jr. (#19678)
225 St. Ann Drive
Mandeville, Louisiana 70471
Telephone: (985) 674-4446
David@lawrence-knight.com
John@lawrence-knight.com
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: *Mitchell Meredith, attorney for plaintiff.*

__/s/David P. Curlin__